Filed 01/08/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03448

David Miller v. Nicholas Deml

## FINDINGS AND ORDER

Petitioner Miller challenges his revocation of furlough under 28 V.S.A. § 724 and Rule 74. Petitioner makes two arguments. First, he contends that his violations of furlough did not constitute a significant violation that would warrant a furlough revocation when there were lesser and more effective consequences that can be imposed. Second, Petitioner contends that even if there was significant violation, he should only receive a one-year revocation instead of two years because his most recent violation occurred more than one calendar year after his last violation of absconding.

Petitioner admitted in his testimony that he has a history of non-compliant behavior. This behavior has largely arisen from his addiction and on-going drug use. It has not involved criminal citations or new charges. Petitioner has not threatened or harmed others, and it has not posed a direct risk to public safety. Petitioner's behavior is self-destructive and harmful first and foremost to himself. Like other caught in the thrall of substance abuse, Petitioner has demonstrated time and time again that he is willing to sacrifice his freedom and well-being for an opportunity to partake in drugs.

Petitioner admits that these activities are tied to too much time and freedom, If he is not employed and kept busy, he will think about drugs and old friends associated with drugs and will act on these thoughts in a cascading series of events that leads to him backsliding into drug use. This backsliding inevitably leads to relapse and non-compliance with the terms and conditions of his furlough. Petitioner's history demonstrates this pattern, and the case history is, as the Department notes, replete with examples.

It is with some irony, then, that the triggering event to Petitioner's most recent furlough revocation arose from his efforts to enter a treatment program. As the case history and Petitioner's testimony indicate, Petitioner sought admission to Valley Vista, but he was turned down. He then went to Serenity House where he was ejected after he was accused of making intolerant and harmful statements. In his testimony, Miller stated that he made no such statements. He contends that an ex-

girlfriend and cousin fabricated the allegations, which were accepted on their face by Serenity House and passed along to the Department. Whether these allegations were true or fabrications, they were credible, and the Department was not wrong to consider them and was not obligated to conduct a mini-investigation on the allegations. It is enough that Serenity House found the allegations credible and determined that these allegations were sufficient to terminate Miller's enrollment in the program. Thus, by extension, Miller's removal constituted a violation of his terms of furlough, which warranted some type of consequence and response from the Department.

The salient question, however, is not the existence of the allegation, but rather whether this violation, either alone or collectively with the prior violations, constituted a significant violation warranting the furlough revocation.

The definition of significant violations for revoking furlough is found in Vermont Department of Correction Policy 430.11 (F)(2). The section lists six different categories of violations that constitute "significant." The first four include (a) arrest or citation for new felony or listed offense; (b) harm or threat of harm to an identifiable person; (c) direct risk to public safety; and (d) absconding. These categories represent singular or collected behaviors that present a danger or individuals, or the general public. The next two categories differ in that they arise out of cumulative behavior. They are facially similar but have distinctive elements. The Department defines them as follows: (e) "There is a pattern of risk-related behavior where previous interventions have failed to mitigate the risk"; or (f) "There is a pattern or history of behavior that continues after the exhaustion of lower-level technical sanctions have failed to gain the supervised individual's compliance."

The facts of this case do not fit the first four categories. While there is an argument that the facts could meet category (e)'s pattern of risk-related behavior, the more apt category is the last one, Category (f). In this case, Miller's on-going drug use is neither healthy, nor sustainable, but it is not the type of risk-related behavior that might arise, for example, if a furloughee showed up to work under the influence.

Miller's behavior is garden-variety non-compliance with the terms and conditions of furlough. If he is given the time and freedom, he will gravitate to old acquaintances and old habits, both of which lead to substance abuse and non-compliance, but these behaviors have not, to date, led to risk or harm to others. The distinction of finding that Miller's behavior fits under Category (f) is that this category comes with the condition of exhaustion. Only after the lower-level sanctions have been exhausted and non-compliance continues can the Department revoke furlough.

In this case, the evidence shows that the primary lower-level sanctions employed were a curfew and GPS monitoring. Miller contends that had he been assigned community service, he would have been brought into compliance, and the imposition of curfew and GPS monitoring alone cannot constitute an exhaustion of lower-level sanctions. As illustrated in Policy 430.11(D), there are a variety of lower-level sanctions that could have been imposed on Miller following his ejectment from the Serenity House program. These include community service, writing an essay, issuing an apology, restorative justice, increased reporting, and house arrest. None of the options were employed. There is no evidence or finding by the Department that would support an argument that one or more of these remaining options would have been futile. While the Court does not find that the Department must run through each and every option before it can determine the lower-level sanctions are exhausted, the Court does find in this case where the majority of the sanctions have not been employed, it is an abuse of discretion under 28 V.S.A. § 724 to revoke furlough under 430.11(F)(2)(f).

Therefore, based on the plain language of Section (f), the Court finds that the Department did not sufficiently exhaust its lower-level sanctions, and that the resulting non-compliance—without evidence of criminal citation, direct risk to public safety, threat of harm to a specific individual, or absconding—does not sufficiently establish a significant violation as the Department of Corrections has defined the term.[1]

## ORDER

The Court finds that Petitioner Miller's behavior, while non-compliant, does not meet the definition of significant violations under Department of Corrections Policy 430.11(F)(2)(f). Therefore, the Court **Grants** Petitioner Miller's appeal and vacated Petitioner Miller's furlough revocation. The Department shall expunge Petitioner's revocation and suspension, and he shall be eligible for furlough, absent any subsequent violations.

Electronically signed on 1/5/2024 6:25 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

---

[1] Because the Court finds that there was no significant violation, it does not reach the issue of whether the violation should have classified as a first or second violation.